**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 27 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSEPH R. VENTRIS,

        Plaintiff - Appellant,

  v.

AARON D. FELTON, Chairperson,
Oregon Board of Parole and Post-Prison
Supervision; et al.,

        Defendants - Appellees.

No. 11-35844

D.C. No. 1:10-cv-06127-CL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

     Oregon state prisoner Joesph R. Ventris appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that defendants

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violated ex post facto and due process principles by retroactively applying a prior version of the Oregon Revised Statutes to his case. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

Dismissal of Ventris's ex post facto claim was proper because a judgment in Ventris's favor on this claim would necessarily imply the invalidity of Ventris's sentence and the duration of his resulting confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Dismissal of Ventris's due process claim was proper because Ventris did not demonstrate a protected liberty interest in the Oregon Department of Corrections calculation of his projected release date. *See Jago v. Van Curen*, 454 U.S. 14, 16-17, 20 (1981) (protected liberty interest in release must come from statutes or regulations; an expectation resulting from notification that parole release had been ordered is insufficient).

The district court did not abuse its discretion in denying Ventris leave to amend because amendment would have been futile. *See Nunes v. Ashcroft*, 375

F.3d 805, 808-09 (9th Cir. 2004) ("[f]utility alone can justify the denial of a motion

for leave to amend").

**AFFIRMED.**